UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

REGINA FOSTER and JAMES GRIMM,

Defendants.

CASE NO.  3:26-cv-5849

COMPLAINT

The United States of America brings this action against Defendants Regina Foster and James Grimm. Defendants are trespassing and unlawfully occupying property owned by the United States and managed and operated by the United States Department of the Interior ("DOI") and the United States Fish and Wildlife Service ("USFWS") located within the Black River Unit of the Billy Frank Jr. Nisqually National Wildlife Refuge (the "Black River Unit"). In support of its complaint, the United States alleges as follows:

## NATURE OF ACTION

1.      This is a civil action brought pursuant to the federal common law of trespass and ejectment to remedy Defendants' continuing intentional and unauthorized use of, occupancy of, and harm to government-owned property located within the Black River Unit, which is owned, maintained,

COMPLAINT - 1
CASE NO.  3:26-cv-5849

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and subject to the laws and regulations promulgated by USFWS. 16 U.S.C. § 668dd, *et seq.*; 50 C.F.R. § 25, *et seq.*

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 2201-2202.

3.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) because all of the acts alleged occurred in this District, the property at issue is located in this District, and Defendants reside in this District.

## DEFENDANTS

4.     Regina Foster and James Grimm are natural persons over the age of eighteen who are known to have resided at the property at issue in this litigation after the sale of the property to the United States to be included in the Black River Unit, within Thurston County, Washington.

## FACTS

5.     USFWS is an agency of the United States government within DOI.

6.     In 1998, the Black River Unit was established through an initial purchase of land, consistent with a 1996 Congressional Authorization and the National Wildlife Refuge System Administration Act of 1966, 16 U.S.C. § 668dd, *et seq.*, as amended.

7.     USFWS owns and maintains approximately 2,200 acres of land within the Black River Unit. Over the years, the Black River Unit has grown in size through the purchase of land from private property owners.

8.     On or about November 2, 2011, the United States purchased a tract of land from Laura Foster, Defendant Foster's mother, located at 10722 Delphi Road, SW, Olympia, Washington, subject to a Life Use Agreement for Laura Foster. *See* Exhibit A.

COMPLAINT - 2
CASE NO.  3:26-cv-5849

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.     The Warranty Deed executed by Laura Foster describes the property: "containing 20 acres, more or less, to wit: The South half of the South half of the South half of the Northwest quarter of Section 25, Township 17 North, Range 3 West, W.M., EXCEPTING THEREFROM the Delphi Road," (the "Property").

10.    The Life Use Agreement allowed Laura Foster residential use of a certain portion of the Property, defined as: A contiguous 0.5 acre of land, more or less, surrounding and including the house and all improvements in the Northwest corner of the South half of the South half of the South half of the Northwest quarter of Section 25, Township 17 North, Range 3 West, W.M.; as specified in the Agreement, for the remainder of Laura Foster's life.

11.    The Life Use Agreement was exclusive to Laura Foster and non-transferable.

12.    The Life Use Agreement allowed Laura Foster's "family unit united by blood or marriage" to live with her on the Property during the remainder of Laura Foster's life.

13.    Defendant Regina Foster disclaimed any interest in the Property.

14.    Defendants Regina Foster and James Grimm lived with Laura Foster at the Property during Laura Foster's life use term.

15.    Laura Foster died on or about February 21, 2020.

16.    Following Laura Foster's death, the Life Use Agreement Expired.

17.    The United States now owns the property unencumbered by any Life Use Agreement.

18.    Following Laura Foster's death, Defendants Regina Foster and James Grimm continued to live and reside at the Property.

19.    Once USFWS became aware of Laura Foster's death, USFWS contacted Defendant Foster via certified mail on or about April 15, 2025, informing Defendant Foster of the expiration of the Life Use Agreement and requesting that Defendants vacate the Property within 90 days.

COMPLAINT - 3
CASE NO.  3:26-cv-5849

20. USFWS followed up with subsequent correspondence via mail and in-person contact on or about May 15, 2025, informing Defendants that they had 60 days to vacate the premises.

21. USFWS followed up with subsequent correspondence in a letter dated June 12, 2025, delivered via hand delivery, informing Defendant Foster that they must vacate the property by July 14, 2025.

22. USFWS offered relocation assistance to Defendants on or about the first week of July, 2025.

23. USFWS sent another letter dated July 9, 2025, reiterating Officer Parrott's offer for relocation assistance under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 and stating that the 90-day allotment to vacate the property would expire on Monday, July 14, 2025.

24. In the July 9, 2025, letter, USFWS informed Defendant Foster that failure to vacate the federal property constituted trespass, that any abandoned belongings still located on the Property after the expiration of the 90-day notice could be removed by USFWS or their representatives at Defendants' expense, and that continued occupation of the Property would result in a referral to the U.S. Department of Justice for legal action.

25. On May 11, 2026, the office of the United States Attorney for the Western District in Washington sent letters to Defendants via certified mail, informing them that continued occupancy of the Property would result in legal action. USPS Certified mail tracking confirms that the letters were picked up at the Post Office in Olympia, WA on May 19, 2026.

26. Defendants have not responded to the letters or otherwise vacated the Property.

27. Defendants have, as of the time of filing of this Complaint, failed to vacate the Property and are still occupying the premises. Defendants' continued occupancy is without legal

COMPLAINT - 4
CASE NO.  3:26-cv-5849

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

right.

28.    Through their continued occupancy of the Property, Defendants are trespassing on property owned by the United States and included in the Black River Unit, maintained by USFWS.

**FIRST CLAIM FOR RELIEF**
**(Trespass)**

29.    The United States realleges each of the preceding paragraphs as if fully set forth herein.

30.    The United States is the owner of the Property.

31.    Defendants are unlawfully occupying and using the Property.

32.    As a result of their past unauthorized and continuing unlawful occupation and use, Defendants have committed and are now committing a continuing willful trespass on land owned by the United States.

33.    As a direct and proximate result of Defendants' continuing willful trespass, Defendants have damaged and continue to damage the Property and the governmental interests of the United States. This harm will continue unless and until the trespass is remedied, Defendants vacate the property, and/or Defendants are ejected from the property.

34.    As a direct and proximate result of their unauthorized and continuing illegal occupation and use, Defendants have prevented and continue to prevent USFWS and the taxpaying public from enjoying and using the Property, which the United States owns to conserve, protect, and enhance fish, wildlife, plants, and their habitats for the continuing benefit of the American people.

35.    The United States is entitled to an order declaring that Defendants are unlawfully occupying and using the property, ejecting Defendants from the Property, ordering Defendants to remove all personal property from the Property, and enjoining Defendants from future unauthorized

COMPLAINT - 5
CASE NO.  3:26-cv-5849

use of the Property.

## SECOND CLAIM FOR RELIEF
### (Ejectment)

35.     The United States realleges each of the preceding paragraphs as if fully set forth herein.

36.     Since 2020, without authorization and legal right, the Defendants have willfully occupied and used the Property as housing.

37.     As a direct and proximate result of their unauthorized and continuing illegal occupation and use, Defendants have prevented and continue to prevent USFWS and the taxpaying public from enjoying and using the Property, which the United States owns to conserve, protect, and enhance fish, wildlife, plants, and their habitats for the continuing benefit of the American people.

38.     The United States is entitled to an order declaring that Defendants are unlawfully occupying and using the property, ejecting Defendants from the Property, ordering Defendants to remove all personal property from the Property, and enjoining Defendants from future unauthorized use of the Property the Black River Unit of the Billy Frank Jr. Nisqually National Wildlife Refuge.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that the Court provide the following relief and enter an Order:

A.     Declaring that Defendants are trespassing on property owned by the United States in the Black River Unit and that Defendants' continued occupancy is in violation of the Life Use Agreement signed by Laura Foster and the United States;

B.     Requiring that Defendants vacate the Property within 60 days of entry of an Order for Ejectment;

COMPLAINT - 6
CASE NO.  3:26-cv-5849

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

C.      Requiring that Defendants remove any personal property from the Property within 60 days from the entry of an Order for Ejectment;

D.      Authorizing the United States to physically remove Defendants and any personal property from the Property if Defendants fail to comply with the Order for Ejectment within 60 days of its entry;

E.      Authorizing the United States to take possession of all personal property not removed from the Property within 60 days of the Order for Ejectment and to dispose of it without further order from this Court;

F.      Awarding the United States any costs incurred to enforce its right of possession and for any necessary restoration or cleanup of the Property;

G.      Enjoining Defendants from using or occupying the Property without lawful authorization; and

H.      Awarding any further relief the Court may deem just and proper.

DATED this 28th day of July, 2026.

Respectfully submitted,

*s/ Matt Waldrop*
MATT WALDROP, GA No. 349571
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:    206-553-4067
Email: james.waldrop@usdoj.gov

*Attorney for the United States of America*

COMPLAINT - 7
CASE NO.  3:26-cv-5849

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970